UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY HOLLIDAY,<br><br>  Plaintiff,<br><br>  v.<br><br>MADERA COUNTY SHERIFF OFFICE JAIL DIVISION,<br><br>  Defendant. | Case No.: 1:24-cv-00416-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff John Anthony Holliday is a pretrial detainee proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.   INTRODUCTION**

Plaintiff filed his original complaint on April 8, 2024. (Doc. 1.) On May 20, 2024, the Court issued its First Screening Order. (Doc. 6.) The Court found Plaintiff's complaint failed to state a claim upon which relief can be granted. (*Id*. at 4-8.) Plaintiff was granted leave to file a first amended complaint or a notice of voluntary dismissal within 21 days of the date of the order. (*Id*. at 8-9.) More than 21 days have passed, and Plaintiff has failed to file either a first amended complaint or a notice of voluntary dismissal.

//

//

## II. DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Plaintiff has filed neither a first amended complaint as ordered nor a notice of voluntary dismissal. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket— weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

While the risk of prejudice to defendants is a lesser factor here because the named defendants have not appeared in the action, a presumption of harm or injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's failure to file a first amended complaint or a notice of voluntary dismissal amounts to an unreasonable delay in prosecuting this action. Therefore, the Court finds the third factor—a risk of prejudice to defendants—weighs in favor of dismissal. *Carey*, 856 F.2d

at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Plaintiff is failing to move this case forward by not filing an amended complaint or a notice of voluntary dismissal, and impeding its progress by failing to obey court orders. Thus, the Court finds the fourth factor—the public policy favoring disposition on the merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Here, the screening order expressly warned: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute**." (*See* Doc. 6 at 8-9, emphasis in original.) Additionally, Plaintiff was previously warned that a failure to obey court orders may result in dismissal of the case. (*See* Doc. 3 at 1 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case].) In that same order, Plaintiff was advised that "all Court deadlines are strictly enforced." (*Id*. at 5.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with Court orders. Moreover, at this stage of the proceedings, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Therefore, the fifth factor—the availability of less drastic sanctions—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, it appears that Plaintiff has abandoned this action. More than 21 days have passed following the Court's screening order directing Plaintiff to file a first amended complaint or a notice of voluntary dismissal. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders.

### III.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Clerk of the Court shall assign a district judge to this action.

Further, for the reasons stated above, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 17, 2024**                    /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE

4